UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| RENE' D. EDWARDS,<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA M. FILER, *et al.*,<br><br>Defendants. | Civil No. 24-10205 (RMB/SAK)<br><br>MEMORANDUM ORDER |

**RENÉE MARIE BUMB, Chief United States District Judge:**

*Pro se* plaintiff Rene' D. Edwards ask this Court to allow him to proceed *in forma pauperis* (IFP) so he can sue multiple medical providers (mainly nurses) from non-party Jefferson Hospital without paying the required court fees. 28 U.S.C. § 1915 allows federal courts to waive the prepayment of court fees if the litigant "is unable to pay such fees." 28 U.S.C. § 1915(a). But once a court grants an IFP application, § 1915 requires the court to screen the litigant's complaint to ensure, among other things, it states a claim and that the lawsuit is not frivolous or malicious. *Id.* § 1915(e)(2)(B).

Having reviewed Edwards' IFP application and screened his Complaint, the Court **GRANTS** his IFP application but **DISMISSES** his Complaint **WITHOUT PREJUDICE**.

**I.    BACKGROUND**

As best the Court can tell from the Complaint, Edwards complains about his discharge from Jefferson Hospital.  [Compl. ¶¶ 1-5 (Docket No. 1).]  According to the Complaint, Edwards is handicapped and disabled.  [*Id.* ¶ 1.]  He claims he arrived at Jefferson Hospital

by ambulance, but Defendants wrongfully discharged him from the hospital without a wheelchair or a medical van. [*Id.* ¶¶ 2-5.] Edwards claims: (1) Defendant Joshua M. Filer, DO wrongfully discharged him; (2) Defendants Karen DiBeneditto, RN and Keisey Marshall held and pushed him, causing him to fall; (3) Defendant Williams Quick, RN failed to follow the hospital's protocols by not calling for a medical ride "due to the color of [Edwards'] skin[;]" and (4) Defendant Jeanetta Rucker processed Edwards' discharge without speaking to the assigned floor doctor.[1] [*Id.*] He claims he never saw or spoke to the appointed doctor, and was discharged while "still having pains, and swelling in areas." [Docket No. 1 at 4.] Because of this improper discharge, Edwards claims he slipped and fell on a wax floor and suffered injuries while exiting the hospital. [*Id.*] The Stratford Police eventually arrived at the hospital for Edwards' "safety and exit." [*Id.* at 1.] Edwards claims police officers observed his slip and fall. [*Id.*]

     Edwards now wants to sue Defendants over his discharge, claiming they violated his civil rights under 42 U.S.C. § 1983 and the Civil Rights Act of 1964. [Compl.] He seeks $300,000 in damages for his pain and suffering. [*Id.*] Edwards ask this Court to allow him to file this lawsuit without paying the required court fees. [IFP Application (Docket No. 1-1).] In his IFP application, Edwards certifies that he receives $979 a month in disability payments, has only $20 in cash, and has no assets (like a house or car). [*Id.*] He certifies to monthly expenses over $2,000 (rent, utilities, food, transportation). [*Id.*] He also certifies that he is terminally ill, handicapped, and disabled, and receives assistance for house cleaning and cooking. [*Id.*]

---

[1] Edwards also makes an indecipherable assertion about his "sexual statis [sic]." [Compl. ¶ 3.]

## II. DISCUSSION

Third Circuit courts only grant leave to proceed IFP "based on a showing of indigence." *Douris v. Newtown Borough, Inc.*, 207 F. App'x 242, 243 (3d Cir. 2006). While IFP status is not reserved solely for the "absolute[] destitute[,]" the litigant "must establish that he is unable to pay the costs of his suit." *Hurst v. Shalk*, 659 F. App'x 133, 134 (3d Cir. 2016) (quoting *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989)). The litigant seeking IFP status shoulders the burden "to provide the [Court] with the financial information it need[s] to make a determination as to whether he qualifie[s] for [IFP] status." *Freeman v. Edens*, 2007 WL 2406789, at *1 (D.N.J. Aug. 17, 2007) (first, second, and third alterations in original) (citation and internal quotation marks omitted).

Here, after considering Edwards' monthly income, lack of assets, and his monthly expenses, as well as his need for assistance given his medical conditions, the Court finds he cannot pay the court fees. *See, e.g.*, *DiPietro v. Christie*, 2015 WL 1609042, at *2 (D.N.J. Apr. 10, 2015) (granting IFP application where plaintiff had "very few assets and [did] not have any regular source of income"). So the Court grants his IFP application.

Still, by 28 U.S.C. § 1915(e)(2)(B)(i)-(ii), the Court must screen Edwards' Complaint to ensure he states a claim for relief and that his lawsuit is not "frivolous or malicious." "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). So, to avoid dismissal, Edwards' Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial

3

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Edwards' *pro se* status does not relieve him of his obligation to allege enough facts in the Complaint to support his claims. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

Against that backdrop, the Court finds Edwards' Complaint fails to state a claim. Edwards has not alleged facts to plausibly state his Section 1983 and Civil Rights Act of 1964 claims.

### A. Edwards' Section 1983 Claim

Section 1983 imposes liability on individuals who deprive a person of a federal constitutional or statutory right "under color of any statute, ordinance, regulation, custom, or usage" of a state. 42 U.S.C. § 1983. Section 1983's "under color of law" requirement is the "equivalent of state action[.]" *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005); *see also Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982) ("The ultimate issue in determining whether a person is subject to suit under § 1983 is the same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights 'fairly attributable to the State?'" (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982))). Thus, to avoid dismissal of his Section 1983 claim, Edwards must plead enough facts to show that he suffered a deprivation of a federal constitutional or statutory right by a state actor. *Leshko,* 423 F.3d at 339. To determine if state action exists, Third Circuit courts apply three tests:

> (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the [s]tate has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity.

*Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (alteration in original) (citation and internal quotation marks omitted).

Edwards' Complaint passes none of those tests. Even under the liberal reading this Court gives to his Complaint, there is nothing in the pleading to infer that any Defendants qualify as a state actor. Edwards never alleges "the practice of medicine is an exclusive prerogative of the state, or that the actions taken by Defendants were an exercise of powers that are traditionally the prerogative of the state." *Langston v. Hershey Med. Ctr.*, 2016 WL 6780702, at *3 (M.D. Pa. Nov. 16, 2016) (dismissing Section 1983 claims against medical center and doctor). And he never alleges that Defendants conspired or acted in concert with state officials when they improperly discharged him from the hospital. *Id.* at *4. Nor has he alleged any facts suggesting the existence of a state action by Defendants. *Id*. So the Court dismisses Edwards' Section 1983 claim without prejudice.

### B.  Edwards' Civil Rights Act of 1964 Claim

While Edwards' Complaint references the Civil Rights Act of 1964, Edwards has not identified what Title he relies on or the specific statutory provision he claims Defendants violated. That's problematic. "The Civil Rights Act of 1964, comprised of eleven titles and numerous sections, has been called the 'most comprehensive undertaking' to prevent and address discrimination in a wide range of contexts." Christine J. Back, Cong. Research Serv., R46534, *The Civil Rights Act of 1964: An Overview* 1 (2020). It addresses many subjects on

discrimination, ranging from discriminatory voting tactics[2] to discriminatory denial of services or access to commercial establishments[3] to the desegregation of public facilities[4] and schools[5] to discrimination in employment[6] to race discrimination in federally funded programs.[7]

Besides referencing the Act in passing in his Complaint, Edwards has not identified any statutory provisions Defendants supposedly violated. Without identifying the statutory provisions, this Court "cannot address the viability of his non-descript claim(s) based solely on a general reference to the Act." *Lazar v. Town of W. Sadsbury, PA*, 2021 WL 632639, at *6 (E.D. Pa. Feb. 18, 2021) (dismissing Civil Rights Act of 1964 claim where plaintiff did not identify what provision of the Act he relied on). That alone is reason for dismissal. *Id*.

What's more, Edwards' allegation of racial discrimination—that Defendant Quick failed to follow the hospital's protocols by not calling for a medical ride "due to the color of [Edwards'] skin"—is conclusory. Besides that allegation, Edwards "offers no facts plausibly suggesting any discriminatory animus (*e.g.*, suggestive statements directed toward him, better treatment of similarly situated [patients] outside of [his] protected class)." *Scott v. Police & Fire Fed. Credit Union*, 2022 WL 17547279, at *3 (D.N.J. Dec. 9, 2022). While courts construe *pro se* filings liberally, courts cannot "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir.1997)). Accordingly, the Court dismisses Edwards' Civil Rights Act of 1964 claim without prejudice.

---

[2] 52 U.S.C. §§ 10101 *et seq.*
[3] 42 U.S.C. §§ 2000a *et seq.*
[4] *Id.* §§ 2000b *et seq.*
[5] *Id.* §§ 2000c *et seq.*
[6] *Id.* §§ 2000e *et seq.*
[7] *Id.* §§ 2000d *et seq.*

\*\*\*

While the Court dismisses Edwards' Complaint without prejudice, Edwards may amend his Complaint to cure the above deficiencies. So for his Civil Rights Act of 1964 claim, Edwards must: (1) identify the specific provision(s) of the Act upon which his claim is based on; and (2) plead facts plausibly supporting an entitlement to relief under those provisions.

### III. CONCLUSION

For the above reasons, and for other good cause shown,

**IT IS** on this **23rd** day of **January**, **2025**, hereby:

**ORDERED** that the Court **GRANTS** Plaintiff's IFP application; and it is further

**ORDERED** that Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** (Docket No. 1); and it is further

**ORDERED** that Plaintiff may have the above-entitled case reopened, if, within thirty days of the date of the entry of this Memorandum Order, Plaintiff files an amended complaint; and it is further

**ORDERED** that Defendants shall not be served before the Court's *sua sponte* screen of an amended complaint; and it is further

**ORDERED** that if Plaintiff files an amended complaint and the pleading is permissible under 28 U.S.C. § 1915(e)(2)(B), the Court may, *sua sponte*, transfer this action to another forum, like the United States District Court for the Eastern District of Pennsylvania, as venue in this District appears improper, and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum Order on Plaintiff to his address of record by regular U.S. mail; and it is finally

**ORDERED** that the Clerk of the Court shall **CLOSE** this matter.

**s/Renée Marie Bumb**
RENÉE MARIE BUMB
Chief United States District Judge
